**W. P. BROWN & SONS LUMBER CO. et al.**
**v. LOUISVILLE & N. R. CO., et al.**
**No. 1552.**

District Court, W. D. Kentucky.
June 22, 1934.

J. V. Norman and Norman, Quirk & Graham, all of Louisville, for plaintiffs.

Edward P. Humphrey and Marvin H. Taylor, both of Louisville, for defendants.

DAWSON, District Judge.

I do not think the plaintiffs are entitled to the relief sought.

The case presents the single question of the proper construction of a rate tariff. This is a question of law, and while in such a case the decision of the Interstate Commerce Commission should be received with respect, and given that weight to which the experience of its membership in this field justly entitles it, such decision is not binding or controlling upon the courts.

At the time of the shipments involved in this complaint, there were in existence between the points of origin and destination of all such shipments lawfully published through rates on lumber and articles taking lumber rates, and the routes over which these through rates apply are not under attack as being unreasonable or impracticable. The contention of the plaintiffs is that by applying the so-called "combination rule" to combination rates existing over routes from points of origin to destination different from the route covered by the through rate, they could have secured a cheaper rate, and that as to those shipments thus routed by the shipper, they should have had the benefit of this cheaper rate; and where routing directions were not given by the shipper, it was the duty of the carrier to route the shipment over such combination rate route and apply to such combination rate the combination rule, thus giving the shipper a cheaper rate than the through rate referred to.

That part of the so-called combination rule requiring construction in this case reads as follows: "Where no published through rates are in effect from point of origin to destination on Lumber and articles taking same rates, or arbitraries over Lumber rates, also other Forest Products, on which rates are not higher than on Lumber, carloads, and two or more commodity rate factors (see note) are used in arriving at the through rate for a continuous rail shipment thereof, such through rate will be arrived at in the following manner:" Then follows the formula for determining such combination through rate.

The quoted language seems to me clear and unambiguous, and as a legally established rate tariff has the force and effect of a statute, it should be construed in the same manner as statutes are construed. Applying that rule of construction, there being no ambiguity in the wording of the tariff, it should be construed as written. The so-called combination rule, according to the plain wording of the language quoted, has no application except in those cases where there is no published through rate in effect from point of origin to destination. The record abundantly shows in this case that there was such published through rate in effect at the time of each of the shipments involved in this action. Therefore, it seems to me that there did not exist any occasion for the application of the combination rule as is insisted upon by the plaintiffs. As the tariff is plain and unambiguous, and is susceptible of only one meaning when the language thereof is given its ordinary and usually accepted meaning, there arises no occasion for the application of those aids to construction of statutes and rate tariffs resorted to by courts in those cases where the language is ambiguous or susceptible of more than one meaning.

It follows, therefore, that I am of the opinion that the Interstate Commerce Commission's reparation order, upon which this action is based, was founded upon an incorrect interpretation of the tariff under consideration; and further, of course, that the plaintiffs are not entitled to recover in this action such reparation awards.

As I recall, this action was submitted on the demurrer of the defendants to the plaintiffs' petition and amended petition, and on the demurrer of the plaintiffs to paragraphs II, III, and IV of the answer; and counsel for the defendants will prepare order on said demurrers in accordance with the views here expressed, and having submitted same to counsel for the plaintiffs, will tender same for entry, unless counsel for the parties prefer to treat the case as having been submitted finally, in which event order will be prepared accordingly.